AMERICAN HOSPITAL AND LIFE INSURANCE CO. *v.* RUNNELS

No. 41752          April 3, 1961          128 So. 2d 383

*Heidelberg, Woodliff, Castle & Franks,* Jackson, for appellant.

686

*J. W. Walker,* Mendenhall; *Satterfield, Shell, Williams & Buford,* Jackson, for appellee.

McGEHEE, C. J.

It is necessary to reverse and remand the verdict and judgment rendered in favor of the appellee in this case because of the admission in evidence, over the objection of the appellant Insurance Company, certain monthly premium notices sent to the insured in his lifetime and whereon he had noted what purports to have been the date on which the monthly premium was remitted. These several exhibits to the testimony of the appellee were hearsay and constituted self-serving declarations.

Due to the confusion in the record as to whether or not the insured actually paid all of the monthly premiums under the policy which became due between the date of the issuance thereof on August 3, 1957, and November 28, 1958, we are unable to determine whether either the appellant or the appellee is entitled to a final judgment here, and therefore the case must be reversed on account of the error in the admission of the said hearsay evidence and self-serving statements.

Then, too, it is indicated by the record that the insured paid one or more premiums in cash and the person in the Jackson office who may have received the premium was not introduced as a witness. For instance, one receipt for the August 3, 1957, premium is signed by a person who is shown not to be presently in the employ of the appellant Insurance Company but was not shown to be unavailable as a witness. It also appears from the record that the insured wrote the appellant Insurance Company on September 13, 1958, that he paid the July 1958 premium to the Company's Jackson manager, Mr. H. A. Moak, in cash and the record shows that Mr. Moak was still employed by the Company for

some time after the death of the insured which occurred on November 28, 1958, and Mr. Moak was not introduced as a witness.

Therefore, for the reasons hereinbefore stated and due to the confusion in the record as to whether or not the policy lapsed for the nonpayment of the premium due on October 13, 1958, we have concluded to reverse and remand the case for another trial.

Reversed and remanded.

*Kyle, Arrington, Ethridge,* and *Rodgers, JJ.,* concur.